## STATE v. BARTLEY MILSAPS.

*Assault and  Battery—Judge's Charge.*

1. In assault and battery, it appeared that defendant using insulting lan-
   guage picked up a stone about twelve feet from prosecutor but did not
   *offer* to throw it; *Held*, no assault, but only violence menaced.
2. In such case it was error in the judge to charge the jury " that if the
   acts and words of  defendant were such as to put a man of ordinary
   firmness in fear of immediate danger, and defendant had the ability at
   the time to inflict an injury, he would be guilty."

*(State* v. *Myerfield,* Phil., 108; *State*v. *Mooney,* Id., 434, cited and ap-
   proved )

INDICTMENT for assault and battery tried at Spring Term,
1879, of GRAHAM Superior Court, before *Gudger, J.*

The prosecuting witness testified that defendant on the
occasion named was at his (prosecutor's) house, and on hear-
ing a "jower" asked who began it; one Rogers who was
present replied that defendant commenced it.    Witness told
the defendant he must stop, and defendant said "it is a lie,
I was not making a fuss."    Thereupon witness ordered de-
fendant to go out of his house; he did not go, and witness
pushed him out.    After he got in the yard, "more fussing
occurred" and witness told him to go out of the yard.    He
did not go immediately, but after some delay got over the
fence into a lane leading to a public road and picked up a
stone about ten or twelve feet from the witness, and called

him a horse thief, a rogue, and other insulting names. Witness told him to leave, and he said he would when he got ready. He did not offer to throw the stone, and made no resistance in the house or yard. The defendant excepted to the charge of the court which is set out in the opinion. Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.
Defendant not represented in this case.

DILLARD, J. This was an indictment for an assault, and to constitute that offence there must be an attempt to strike, or at least an offer to do so. An offer to strike is the lowest degree of violence begun which is indictable. An attempt includes an offer and is an advance beyond, towards a battery. The difference is illustrated in the books by the example, if one in anger draw back his fist to strike, being within striking distance, it is an offer; but if he draw back and make a lick and miss, it is an attempt. *State* v. *Myerfield*, Phil., 108.

In our case the stone was not thrown, and therefore there was no attempt, and so the guilt of defendant depends on the sufficiency of the offer as proved by the evidence to constitute an assault. The case of appeal states that prosecutor ordered the defendant to leave his house, and that on his failure to go out, he took hold of him and put him out. When the defendant was in the yard, angry words passed between the parties, and the prosecutor ordered him to go out of his yard, and thereupon defendant went out into a lane leading from prosecutor's house to the public road; and in the lane, when about ten or twelve feet from the prosecutor, the defendant picked up a stone and called the prosecutor a horse thief and other insulting names. On being ordered away from the lane defendant replied he would go when he

got ready. The statement is that defendant *did not offer to throw the stone.*

This case is very similar in its facts to the case of the *State* v. *Mooney*, Phil., 434. There, the defendant ordered the prosecutor to leave his house and he seized a gun but did not present it, and as the prosecutor was going away, he followed and picked up an axe some twenty-five yards from the prosecutor but made no offer to use it, and upon those facts it was held no assault, but a threat merely. Here, as the defendant did not offer to throw the stone, there certainly was no assault. The language used was insulting and invited an attack, and the picking up of the stone at most amounted to no more than putting himself in readiness to use it, if attacked.

His Honor charged the jury that if the acts and words of defendant were such as to put a man of ordinary firmness in fear of immediate danger, and if defendant had the ability at the time to inflict immediate injury, he was in law guilty of an assault. We think His Honor erred in giving this instruction, and that instead thereof, he should have told the jury that the acts and words of defendant did not in law make a case of assault, but only a menace of violence. For this error there must be a new trial. Let this be certified.

Error.                                    *Venire·de novo.*